**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP., | Case No.  5:25-cv-10579-BLF |
| Plaintiff, | |
| v. | **ORDER REGARDING ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |
| AMAZON.COM INC., et al., | |
| Defendants. | |
| | [Re: ECF No. 156] |

In connection with its amended First Amended Answer and Defenses and Third Amended Counterclaims, Amazon.com Inc. ("Amazon") filed an administrative motion to consider whether another party's material should be sealed, noting that paragraphs 45, 46, 48–50, 52–120 of Amazon's First Amended Answer and Defenses and paragraphs 41–80 of Amazon's Third Amended Counterclaims "[c]ontain[] and reflect[] information designated confidential by" VirtaMove, Corp. ("VirtaMove").  ECF No. 156.  In its response and supporting affidavit, VirtaMove requests that paragraphs 45, 52–55, 57, 69, 71–73, 80–85, 101–106, 108–10, and 112–20 of Amazon's First Amended Answer and Defenses and paragraphs 41–49, 52, 54, 56, 58, 60, 63–69, 72–77, and 80 be maintained under seal.  ECF No. 159 ("Resp.").  Having reviewed the filings, briefs, and supporting declarations, and good cause appearing, the Court ORDERS that the portions identified by VirtaMove remain under seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v  City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong

presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016).  In addition, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed.  Civil L.R. 79-5(f).  The party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that provides "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."  Civil L.R. 79-5(c)(1).

VirtaMove contends that the paragraphs it identifies contain confidential, non-public information about VirtaMove's past license and settlement agreements with nonparties.  Resp. at 2; *see also* Paladino Decl. ¶¶ 3–5.  The agreement was marked "confidential" and includes a confidentiality and notice section recognizing that disclosure of the specific terms of the license and settlement agreement would harm the parties to the agreement.  Paladino Decl. ¶¶ 3–5. VirtaMove further asserts that "[p]ublic knowledge of the terms of the license and settlement agreements will harm VirtaMove's business and licensing efforts, including by interfering with VirtaMove's ability to license its patent portfolio to other companies within the industry by giving other potential counterparties an unfair advantage in future negotiations."  Resp. at 3.

Courts within this circuit have previously held that there is a strong public interest in maintaining parties' expectations of confidentiality with respect to settlement agreements.  *See*, *e.g.*, *Bank of Am., N.A. v. Blas*, No. 24- cv-00183-SLG, 2025 WL 2480951, at *14 (D. Alaska Aug. 28, 2025); *Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993).  Moreoover, courts have also found that, to the extent that the documents discuss or disclose the terms of confidential agreements, compelling reasons exist to permit filing under seal.  *Phillips ex rel. Estates of Byrd*

*v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002); *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 420 F. Supp. 3d 966, 985 (N.D. Cal. 2019). Because the portions identified by VirtaMove quote and discuss specific license and settlement terms, the disclosure of which VirtaMove warrants would cause competitive harm both to itself and third parties, the Court finds that VirtaMove has provided sufficient grounds for sealing that are narrowly tailored to safeguarding confidential information.

**THEREFORE, IT IS HEREBY ORDERED THAT** the following paragraphs of Amazon's First Amended Answer and Defenses and Amazon's Third Amended Counterclaims filed at ECF No. 155 shall be redacted and maintained under seal:

| Document (ECF No. 155) | Portions to Seal | Reasons for Sealing |
|---|---|---|
| **Amazon's First Amended Answer and Defenses** | Paragraphs 45, 52–55, 57, 69, 71–73, 80–85, 101–106, 108–10, and 112–20 | These paragraphs contain confidential information relating to the specific terms of a license and settlement agreement between VirtaMove and non-parties, IBM and Microsoft. Public disclosure of this information would harm VirtaMove and third parties. |
| **Amazon's Third Amended Counterclaims** | Paragraphs 41–49, 52, 54, 56, 58, 60, 63–69, 72–77, and 80 | These paragraphs contain confidential information relating to the specific terms of a license and settlement agreement between VirtaMove and non-parties, IBM and Microsoft. Public disclosure of this information would harm VirtaMove and third parties. |

Dated: February 24, 2026

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3